**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly Teresa Fisher,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | No. CV-15-01490-PHX-NVW<br><br>**ORDER** |

Plaintiff Kelly Teresa Fisher seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence and is based on legal error, the Commissioner's decision will be vacated and the matter remanded for calculation and award of benefits.

**I.    BACKGROUND**

Plaintiff was born in May 1967 and was 42 years old at the onset of her disability. She completed a high school education and obtained a cosmetology license. Her only past relevant work was as a staffing coordinator. She underwent a spinal laminectomy in 2001 and a spinal fusion in 2004. She had a spinal cord stimulator implanted in 2006. In

1 addition to these procedures, she has had spinal injections.  She suffers from chronic back pain, migraine headaches, fatigue, insomnia, and depression.

In August 2011, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability beginning March 20, 2010.  On September 9, 2013, she appeared with her attorney and testified at a hearing before the ALJ.  A vocational expert also testified.  On December 19, 2013, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act.  The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision.  On August 3, 2015, Plaintiff sought review by this Court.

## II. STANDARD OF REVIEW

The district court reviews only those issues raised by the party challenging the ALJ's decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).  The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole.  *Id.*  In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence."  *Id.*  As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted); *accord Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.").

## III. FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's residual functional capacity, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2015, and that she has not engaged in substantial gainful activity since March 20, 2010. At step two, the ALJ found that Plaintiff has the following severe impairments: lumbar degenerative disc disease, facet osteoarthritis, left S1 radiculopathy (compressed nerve), left sacroiliac arthralgia (joint pain), migraine, headaches, and chronic pain syndrome. At step three, the ALJ

determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

At step four, the ALJ found that Plaintiff:

> has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations: The claimant is capable of no more than occasional postural maneuvers such as balancing, stooping, kneeling, crouching, crawling and climbing on ramps and stairs; but must avoid climbing on ladders, ropes and scaffolds. The claimant cannot be exposed to dangerous machinery and unprotected heights. She will require a sit/stand option at will provided it include not being off task for more than 10% of the day.

The ALJ further found that Plaintiff is capable of performing past relevant work as a staffing coordinator.

## IV.  ANALYSIS

### A.  The ALJ Did Not Provide Clear and Convincing Reasons for Discrediting Plaintiff's Symptom Testimony.

In evaluating the credibility of a claimant's testimony regarding subjective pain or other symptoms, the ALJ is required to engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "This is not an easy requirement to meet: 'The clear and convincing standard is the most demanding required in Social Security cases.'" *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

If a claimant's statements about pain or other symptoms are not substantiated by objective medical evidence, the ALJ must consider all of the evidence in the case record, including any statement by the claimant and other persons, concerning the claimant's symptoms. SSR96-7p. Then the ALJ must make a finding on the credibility of the

claimant's statements about symptoms and their functional effects. *Id.* The claimant is not required to produce objective medical evidence of the symptom or its severity. *Garrison*, 759 F.3d at 1014.

In making a credibility determination, an ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the claimant's allegations." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (internal quotation marks and citation omitted). But "an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." *Id.* The ALJ must consider all of the evidence presented, including the claimant's daily activities; the location, duration, frequency, and intensity of the pain or other symptoms; factors that precipitate and aggravate the symptoms; effectiveness and side effects of any medication taken to alleviate pain or other symptoms; treatment other than medication; any measures other than treatment the claimant uses to relieve pain or other symptoms; and any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. SSR 96-7p.

To ensure meaningful review, the ALJ must specifically identify the testimony from a claimant the ALJ finds not to be credible and explain what evidence undermines the testimony. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014). "General findings are insufficient." *Id.* The ALJ must make findings "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002); *accord Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." The medically determinable impairments found by the ALJ are lumbar degenerative disc disease, osteoarthritis, left sacroiliac joint pain and radiculopathy, migraines, headaches, and chronic pain syndrome. Then the ALJ found Plaintiff's "statements regarding the intensity, persistence, and

limiting effects of the symptoms not entirely credible to the extent they are inconsistent with the residual functional capacity assessment."

Plaintiff testified that she is unable to sit, walk, or stand for any length of time because of the pain it causes. She said she is unable to bend or crouch and has difficulty lifting her legs to get in and out of the shower and to get dressed. She further testified that she has a lot of pain in her legs with swelling and cramping. Plaintiff also testified that she is taking a lot of medication for these symptoms, which makes her drowsy and unable to function. She said she lies in bed most of the day, watching television. She testified that she makes only easy, fast meals, such as soup or microwave meals. She said she rarely drives and only goes grocery shopping with assistance. Plaintiff testified that she follows her physician's instructions regarding medications, stretching, and applying ice and heat.

The ALJ found Plaintiff's "alleged impairments and her characterization of pain are not consistent with the medical evidence of record." The ALJ commented that Plaintiff was able to work in the past with her back impairment and stopped working due to kidney stones. The ALJ stated that Plaintiff did not take any medication from April 2011 until 2013, has had only limited conservative treatment for pain, and has had minimal treatment for her back impairments. The ALJ acknowledged that "the occasional gaps in treatment are due to the lack of insurance and funds to receive care," but concluded "the medical evidence that is present in the record does not support the claimant's allegations of disabling symptoms and limitations." The ALJ found that the treatment records, diagnostic studies, and physical examinations do not support Plaintiff's allegations of disabling symptoms and limitations. The ALJ further concluded, "The claimant's subjective complaints are less than fully credible and the objective medical evidence does not support the alleged severity of symptoms."

The ALJ did not identify the specific testimony from Plaintiff the ALJ found not to be credible and did not explain what evidence undermines the testimony. *See Treichler*, 775 F.3d at 1102. The ALJ did not expressly consider all of the record

evidence, such as Plaintiff's daily activities, location of pain, factors that precipitate and aggravate the symptoms, effectiveness and side effects of any medication taken to alleviate pain or other symptoms, treatment other than medication; and measures Plaintiff uses to relieve pain. *See* SSR 96-7p. The ALJ impermissibly rejected Plaintiff's "subjective complaints based solely on a lack of objective medical evidence to fully corroborate the claimant's allegations." *See Bray*, 554 F.3d at 1227. Finally, the ALJ failed to make findings "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *See Thomas*, 278 F.3d at 958.

### B. The ALJ Erred in Weighing Medical Source Opinion Evidence.

#### 1. Legal Standard

In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The Commissioner must give weight to the treating physician's subjective judgments in addition to his clinical findings and interpretation of test results. *Id.* at 832-33. Where a treating physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons, and where it is contradicted, it may not be rejected without "specific and legitimate reasons" supported by substantial evidence in the record. *Id.* at 830; *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (where there is a conflict between the opinion of a treating physician and an examining physician, the ALJ may not reject the opinion of the treating physician without setting forth specific, legitimate reasons supported by substantial evidence in the record).

"Even if a treating physician's opinion is contradicted, the ALJ may not simply disregard it. The ALJ is required to consider the factors set out in 20 C.F.R. § 404.1527(c)(2)-(6) in determining how much weight to afford the treating physician's medical opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014). If a treating

source's medical opinion does not meet the test for controlling weight, it still may be entitled to the greatest weight and should be adopted. *Id.* "Similarly, an ALJ may not simply reject a treating physician's opinions on the ultimate issue of disability." *Id.* The ALJ may, however, discount a treating provider's opinion if it is based primarily on the claimant's self-reports and the ALJ finds the claimant not credible. *Id.* at 1162.

Further, an examining physician's opinion generally must be given greater weight than that of a non-examining physician. *Lester*, 81 F.3d at 830. As with a treating physician, there must be clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician, and specific and legitimate reasons, supported by substantial evidence in the record, for rejecting an examining physician's contradicted opinion. *Id.* at 830-31. The opinion of a non-examining physician is not itself substantial evidence that justifies the rejection of the opinion of either a treating physician or an examining physician. *Id.* at 831.

Factors that an ALJ may consider when evaluating any medical opinion include "the amount of relevant evidence that supports the opinion and the quality of the explanation provided; the consistency of the medical opinion with the record as a whole; [and] the specialty of the physician providing the opinion." *Orn*, 495 F.3d at 631. In deciding weight to give any medical opinion, the ALJ considers not only whether the source has a treating or examining relationship with the claimant, but also whether the treatment or examination is related to the alleged disability, the length of the relationship, frequency of examination, supporting evidence provided by the source, and medical specialization of the source. 20 C.F.R. § 404.1527(c). Generally, more weight is given to the opinion of a specialist about medical issues related to his area of specialty than to the opinion of a source who is not a specialist. 20 C.F.R. § 404.1527(c)(5).

The ALJ may discount a physician's opinion that is based only the claimant's subjective complaints without objective evidence. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).

### 2. Treating Family Practitioner Philo Rogers, D.O.

Dr. Rogers began treating Plaintiff in August 2009; she returned monthly through April 2011. Dr. Rogers documented physical examination findings that included abdominal tenderness and muscle spasms and tenderness in all areas of the spine. He prescribed multiple medications, including pain relievers, a muscle relaxant, and migraine medication. He referred Plaintiff to a neurologist and a pain clinic. On multiple occasions, Dr. Rogers administered trigger point injections to Plaintiff's spine. In July 2012, Dr. Rogers administered trigger point injections to Plaintiff's lumbosacral spine and renewed pain medication prescriptions. Plaintiff saw Dr. Rogers again on October 5, 2012.

On October 15, 2012, Dr. Rogers submitted a statement that Plaintiff suffers from back pain with lumbar neuropathy, degenerative disc disease, and failed back surgeries. In addition, he wrote, she has hypertension and fatigue. He opined that she is "totally and permanently disabled from any type of gainful employment due [to] the chronic pain syndrome and neuropathy symptoms."

On December 6, 2012, Dr. Rogers submitted a Multiple Impairment Questionnaire. He identified Plaintiff's conditions as back pain, lumber neuropathy, headaches, fatigue, chronic pain syndrome, and degenerative disc disease. He reported that his diagnoses were supported by evidence of failed back surgeries, MRIs, and CT scans. He reported her primary symptoms as constant severe pain and lower extremity neuropathy, which has not been relieved with medication without unacceptable side effects. He said the pain is located in her back and pelvis and radiates down her legs. Dr. Rogers opined that in an 8-hour day, Plaintiff can only sit 0-1 hours and stand/walk 0-1 hours. He further opined that she should not sit or stand/walk continuously. He opined that Plaintiff's experience of pain, fatigue, or other symptoms would constantly interfere with attention and concentration. Dr. Rogers also opined that Plaintiff is depressed and frustrated by her constant severe pain. He further opined that Plaintiff would need to take

frequent long unscheduled breaks to rest and is likely to be absent from work more than 3 times per month. On June 14, 2013, Dr. Rogers submitted an updated medical source statement that was consistent with the information he provided December 6, 2012.

The ALJ said he gave "no weight" to Dr. Rogers' opinion because he is a primary care physician and not an orthopedic specialist, "his opinions rely heavily on the claimant's subjective complaints and the totality of the evidence does not support these subjective complaints." In other words, because Plaintiff's pain testimony was not corroborated by objective evidence, the ALJ found it not credible and concluded Dr. Rogers could not rely on it either.

### 3. Examining Consultants

The ALJ gave great weight to the opinion of Bradley H. Werrell, D.O., who conducted a one-time physical evaluation of Plaintiff and submitted a Medical Source Statement dated December 10, 2011, on behalf of the State agency. Dr. Werrell's physical examination showed almost entirely normal results. He diagnosed history of lumbar laminectomy and history of migraine headaches, but opined these conditions would not impose any limitations for 12 continuous months. Despite giving "great weight" to Dr. Werrell's opinion of no limitations, the ALJ included many limitations in her residual functional capacity assessment.

The ALJ gave great weight to the opinion of Jeffrey Levison, M.D., who conducted a one-time physical examination of Plaintiff and submitted a Medical Source Statement dated May 17, 2013, on behalf of the State agency. The pages of Dr. Levison's statement are numbered, and page four of six is missing. Page four apparently includes questions 1 and 2 because page five begins with question 3 regarding Plaintiff's capacity to sit. On the pages that are included in the record, Dr. Levison opined that Plaintiff has no limitations in sitting, but may need to stretch intermittently. He also opined that Plaintiff is limited to frequent stooping, but not limited regarding climbing, kneeling, crouching, crawling, reaching, handling, fingering, and feeling. He opined that Plaintiff has no environmental limitations. Dr. Levison's opinion regarding Plaintiff's

functional capacity for lifting, carrying, standing, or walking is not included in the record. Dr. Levison's physical examination findings are essentially normal. He commented that Plaintiff reported low back pain, but did not show evidence of significant pain in her movements or heart rate. Despite giving "great weight" to Dr. Levison's opinion that Plaintiff can perform unlimited sitting with intermittent stretching, the ALJ found Plaintiff requires "a sit/stand option at will provided it include not being off task for more than 10% of the day." The ALJ's residual capacity determination also disagrees with Dr. Levison regarding climbing, kneeling, crouching, crawling, and working around dangerous machinery and unprotected heights.

The ALJ gave little weight to the August 26, 2013 Medical Source Statement of John P. Kelley, M.D., because (1) Dr. Kelley saw Plaintiff only once, and (2) "considering the relative[ly] positive evaluation, it appears Dr. Kelley relied heavily on the claimant's subjective complaints in making his opinion." Upon physical examination, Dr. Kelley found limited range of motion in Plaintiff's neck and lower back, palpable upper body muscle tenderness, tenderness in lower abdominal quadrants, and absent left Achilles reflex. Dr. Kelley opined that in an 8-hour day Plaintiff can sit 3-4 hours and stand/walk 0-1 hours, and she was likely to be absent from work more than 3 times a month as a result of her impairments or treatment. He opined that anxiety contributes to the severity of Plaintiff's symptoms and functional limitations. However, he also opined that pain and fatigue would seldom interfere with Plaintiff's attention and concentration, and she is capable of tolerating moderate stress.

Because the opinions of examining physicians contradict that of treating physician Dr. Rogers, the ALJ was required to set forth specific and legitimate reasons for rejecting Dr. Rogers' opinion. Further, the ALJ was required to consider the factors set out in 20 C.F.R. § 404.1527(c)(2)-(6) in determining how much weight to give Dr. Roger's opinion. Therefore, the ALJ should have considered how long Dr. Rogers had treated Plaintiff, the number of times Dr. Rogers had seen Plaintiff, and the kinds and extent of examinations and testing Dr. Rogers performed or ordered from specialists. It was not

- 11 -

sufficient for the ALJ to reject Dr. Rogers' opinion merely because he is not an orthopedic surgeon and Plaintiff's testimony regarding the severity of her pain was not corroborated by objective evidence.

### C.     Remand

If the ALJ's decision is not supported by substantial evidence or suffers from legal error, the district court has discretion to reverse and remand either for an award of benefits or for further administrative proceedings. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). "Remand for further proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). "Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Id.* (citing *Smolen*, 80 F.3d at 1292).

Moreover, rejected symptom testimony and/or medical opinion evidence should be credited as true, and the case remanded with instructions to calculate and award benefits if three conditions are satisfied:  "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

All three conditions are satisfied here.  There are no outstanding medical records or medical source opinions to be obtained.  Further administrative proceedings would serve no useful purpose.  The ALJ failed to provide legally sufficient reasons for discrediting Plaintiff's testimony and the opinion of her treating physician.  When the vocational expert was presented with a hypothetical including the limitations opined by Dr. Rogers, the expert said there would be no jobs existing in the national economy that could be performed by the hypothetical individual.  Therefore, if Plaintiff's testimony

1  were credited as true and Dr. Rogers' opinion given controlling weight, the ALJ would be
2  required to find Plaintiff disabled on remand.
3      IT IS THEREFORE ORDERED that the final decision of the Commissioner of
4  Social Security is VACATED and this case is REMANDED for immediate calculation
5  and award of benefits. The Clerk shall enter judgment accordingly and shall terminate
6  this case.
7      Dated this 14th day of March, 2016.

                                                    Neil V. Wake
                                         United States District Judge